```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

  UNITED STATES OF AMERICA      :
                                :
       v.                       : Crim. No. 3:16CR83 (AWT)
                                : Crim. No. 3:16CR104 (AWT)
  BOBBY HEMINGWAY               :
```

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

For the reasons set forth below, the defendant's motions for compassionate release (Case No. 3:16CR83, ECF Nos.114, 115; Case No. 3:16CR104, ECF Nos. 25, 26) are hereby DENIED.

Defendant Bobby Hemingway moves, pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), for an order reducing his sentence to time served followed by a period of home confinement. Hemingway contends that the court "should grant relief based on [his] medical issues making him uniquely susceptible to contracting the fatal disease [i.e. COVID-19] while housed in a crowded facility, with limited ability to take necessary self-protective measures, such as isolating himself and regularly washing or sanitizing his hands." Dft.'s Mem. (Case No. 3:16cr83, ECF No. 116 at 1).

On October 16, 2017 the court sentenced the defendant in Case No. 3:16CR83, based on his plea of guilty to Count One of

an Indictment charging him with possession with intent to distribute cocaine base in violation of Sections 841(a)(1) and (b)(1)(C) of Title 21 of the United States Code (the "2016 Offense").  On the same day the court sentenced the defendant in Case No. 3:16CR104 for a supervised release violation.  On November 23, 2009, the defendant had been sentenced to 44 months of imprisonment in the District of New Hampshire for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession with intent to distribute a controlled substance (cocaine base) in violation of 21 U.S.C. § 841(a)(1).  The defendant had been released on January 18, 2013 and was on supervised release when he committed the 2016 Offense.

The Presentence Report in Case No. 3:16CR83 concluded that the defendant was a career offender.  Consequently, he was in Criminal History Category VI and had a Total Offense Level of 29, and the advisory Guidelines included a term of imprisonment in the range of 151 months to 188 months.  The Guidelines calculation included a two-level enhancement under Section 2D1.1(b)(1) for possession of a firearm; that firearm was loaded and had a bullet in the chamber.  The court explained at sentencing that it would make a variance from the career offender range down to the range that would apply without the career offender enhancement because the court could not "be confident that Mr. Hemingway engaged in the conduct that usually

2

goes along with imposing a sentence in the career offender range." Tr. (ECF No. 110) at 12 of 42.

The court also concluded that there was a need to impose a sentence that constitutes just punishment and a need to deter Mr. Hemingway from committing further offenses. The court explained:

> In your case I am most aware of the need to impose a sentence that constitutes just punishment for the offense conduct and the need to deter you from committing further offenses.
> As I explained earlier, and for the reasons I gave earlier, I am going to vary down to what the advisory range under the Sentencing Guidelines would have been for total offense level of 23 and a Criminal History Category V, that is, before adding the career offender enhancement, and the advisory range there is 84 months to 105 months.
> I believe that in the papers your counsel may have made an argument for a departure under 4A1.3. Whether she did or not, I considered that and concluded that that is not appropriate. I think that your criminal history does not overstate, much less substantially overstate the serious nature of your criminal past or the likelihood of recidivism. In fact, I have concluded that specific deterrence is a goal that needs to be served.
> With respect to your medical condition, I have thought about that. What strikes me as being particularly significant is that you were officially diagnosed in either 2013 or 2014. The offense conduct here occurred in March and April of 2016. It is not your use of the drugs that is the serious offense here, and the fact that you relapsed into using is something that is understandable. But what is not, and has to be given great weight, is the fact that you sold. And not only did you sell drugs, but you sold drugs while you were on supervised release for a drug conviction for which you had had a sentence of 44 months imposed in a federal court.
> So assuming arguendo that the conditions for such a departure are satisfied, I would choose not to

>    exercise my discretion to make such a departure for
>    those reasons.
>         As to the argument with respect to a
>    non-Guideline sentence based on the 1-to-1 ratio as
>    opposed to the ratio reflected in the Guidelines, the
>    current Guidelines, I don't think that this is an
>    appropriate case for such an approach, primarily because
>    of your record with respect to gun and drug offenses,
>    plus the fact that you were on supervised release when
>    you committed this offense.
>         In deciding what I think is an appropriate
>    sentence, I am taking into account that there will be a
>    revocation hearing once we conclude this hearing, and I expect
>    to impose additional time in connection with the revocation
>    of your supervised release.

Tr. (ECF No. 110) at 33, 34 of 42.

Section 3582(c)(1)(A) of Title 18, which governs compassionate release, requires as an initial matter that:

> the defendant has fully exhausted all administrative rights
> to appeal a failure of the Bureau of Prisons to bring a motion
> on the defendant's behalf or the lapse of 30 days from the
> receipt of such a request by the warden of the defendant's
> facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).  Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  The policy statement applicable to compassionate release is U.S.S.G. § 1B1.13.

The parties disagree about whether the defendant has satisfied the requirement that he fully exhaust all administrative rights to appeal the failure of the Bureau of Prisons to bring a motion on his behalf or that 30 days have elapsed from the receipt by the warden of the defendant's facility of any request by the defendant that he do so, whichever is earlier.  The defendant submitted a request for compassionate release to the warden on October 24, 2019, and it was denied on November 12, 2019.  The basis for that request was that the defendant had been diagnosed with systemic lupus erythematosus in 2018, which was in addition to two conditions that were known at the time he was sentenced, i.e. rheumatoid arthritis and asthma.  In the instant motion the defendant argues that these three medical conditions in combination with the COVID-19 pandemic place him at grave risk of serious illness and death.  Although the Bureau of Prisons was asked to consider the impact on the defendant of having a combination of systemic lupus erythematosus, rheumatoid arthritis and asthma, it was not given the opportunity to consider the impact on the defendant of having those three illnesses in combination with the risk posed by the COVID-19 pandemic.  Under the circumstances of this case, where the Bureau of Prisons acted on the defendant's request for compassionate release in less than three weeks, it appears to be consistent with the language of the statute that giving the

Bureau of Prisons the opportunity to act on a materially modified request for compassionate release would be appropriate. The court need not come to a definitive conclusion with respect to the interpretation of this part of the statute, however, because as explained below, the court concludes that it should deny the defendant's motion for compassionate release on the merits.

The applicable Section 3553(a) factors counsel against reduction of the defendant's sentence.  The court concluded that the defendant's record with respect to gun and drug offenses and the fact that he was on supervised release when he committed 2016 Offense showed that there was a need to impose a sentence that constituted just punishment and also a need to deter the defendant from committing further offenses; with respect to gun offenses, the defendant not only possessed a gun when committing the 2016 Offense, but also had a prior conviction for a gun offense for which a two-year term of imprisonment had been imposed.  Thus, the court imposed a total effective sentence of 96 months (84 months for the 2016 offense, to be followed by 12 months for the supervised release violation).  The court took into account the defendant's medical conditions at the time, i.e. rheumatoid arthritis and asthma, and highlighted the fact that the defendant committed the 2016 Offense knowing he had these conditions, in addition to knowing that he was on

supervised release.  The court made a variance downward to impose the sentences in the two cases but rejected the defendant's arguments for a greater variance or downward departure because it concluded that a lower sentence would not adequately serve the purposes of sentencing the court had concluded are most important in the defendant's cases.

The fact that the defendant was on supervised release when he committed the 2016 Offense is significant.  It causes the court to take little comfort from the fact that the defendant would be on home confinement and now has three illnesses (instead of two) when assessing what is adequate for the purpose of specific deterrence.  Moreover, the defendant's disciplinary record, as referenced by the government in its response, does not suggest that he will perform better once he is released from prison this time.  To the contrary, there appears to be a high likelihood of recidivism.

After considering the defendant's history and characteristics (including taking into account the new diagnosis of systemic lupus erythematosus), and the circumstances of the 2016 Offense and supervised release violation, the court continues to be of the view that a sentence below the total effective sentence of 96 months that was imposed would not adequately serve the purposes of sentencing that are important in this case.

Consequently, although the defendant has serious medical conditions that put him at a heightened risk with respect to COVID-19, the court concludes that, considering the factors under 18 U.S.C. § 3553(a), a sentence reduction is not appropriate in this case.

It is so ordered.

Signed this 23rd day of December 2020 at Hartford, Connecticut.

                                                           /s/AWT
                                    Alvin W. Thompson
                          United States District Judge